**IN THE COURT OF APPEALS OF IOWA**

No. 22-0741
Filed April 26, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TRELL TYRON GRANT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Lars G. Anderson,

Judge.

Trell Grant appeals his sentence following his guilty plea. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

After being charged with stabbing a convenience store clerk while committing a robbery, Trell Grant pleaded guilty to attempted murder and second-degree robbery. The district court sentenced Grant to indeterminate terms not to exceed twenty-five years with a seventy-percent minimum on the attempted-murder charge and ten years with a fifty-percent minimum on the robbery charge. The court ordered the sentences be served consecutively. Grant appeals, claiming the court considered improper factors in ordering consecutive sentences.[1]

As to the challenge to his sentence, Grant has established good cause to appeal, as the consecutive sentences were not mandatory and were not agreed to under the plea agreement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (holding good cause exists to appeal from a conviction following a guilty plea when the defendant challenges the sentence that was neither mandatory nor agreed to as part of a plea agreement). We review claimed sentencing errors for corrections of errors at law. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). However, we

---

[1] In his initial brief, Grant also challenged the sufficiency of the factual basis supporting his attempted-murder guilty plea. To appeal following a guilty plea, a defendant must establish good cause. Iowa Code § 814.6(1)(a)(3) (2022). In his reply brief, Grant concedes that he does not have good cause to challenge his guilty plea on direct appeal because he received an advisory about the need to file a motion in arrest of judgment to challenge his plea, he does not challenge the adequacy of the advisory, and he did not file a motion in arrest of judgment. *See State v. Hanes*, 981 N.W.2d 454, 462 (Iowa 2022) ("Because Hanes failed to file a motion in arrest of judgment, he cannot establish good cause to pursue this direct appeal from his guilty plea as a matter of right, and we lack jurisdiction to hear his appeal. Dismissal of the appeal is required. Accordingly, we do not reach the merits of his no-factual-basis challenge to his guilty plea." (internal citations omitted)). Due to this concession, we do not address Grant's challenge to the factual basis for his attempted-murder guilty plea.

will not reverse "unless there is an abuse of discretion or some defect in the sentencing procedure." *Id.* (citation and internal quotation marks omitted).

Grant does not contend that the sentences imposed were outside statutory limits. Instead, he contends the court considered improper factors by considering when he would be released on parole and how the department of corrections would treat his mental-health issues. When, as here, a sentence is within the statutory range of permissible sentences, it is "cloaked with a strong presumption in its favor." *See State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (quoting *State v. Fetner*, 959 N.W.2d 129, 134 (2021)). This means we do not second-guess the sentencing decision, but we are required to order resentencing if the district court relied on improper considerations, even if the consideration is a secondary one. *Id.*

"[A] number of factors are not appropriate for consideration. One inappropriate factor involves the consideration of parole in sentencing." *State v. Bentley*, 757 N.W.2d 257, 266 (Iowa 2008). It is within the purview of the parole board to determine "the effect a sentence will have on a defendant's parole date." *Id.* The "sentencing court may not impose 'consecutive sentences to thwart a perceived risk of early parole.'" *Id.* (quoting *State v. Hulbert*, 481 N.W.2d 329, 335 (Iowa 1992)). For us to conclude improper factors were considered, however, a defendant "must overcome the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor." *Damme*, 944 N.W.2d at 106.

Grant contends the court relied on an improper factor because it referenced when Grant would be paroled. Grant supports this contention by pointing to these

comments by the court addressing the decision whether to impose a five- or seven-year minimum on the second-degree robbery charge[2]:

> And so I do think in this case, based upon the fact that the severity of the offense, the prior offenses and, again, the concerns about Mr. Grant's mental health not having been adequately or properly treated and/or him not availing himself of that treatment, I think that consecutive sentences are appropriate. That being said, the five years instead of the seven years counterbalances that to some extent.

Grant contends this statement suggests the court was improperly considering when Grant would be released. We do not believe the statement shows consideration of an improper factor; rather, it shows balancing of appropriate factors when deciding which sentence to impose. Afterall, if the court's intention was to maximize the amount of time Grant would be incarcerated, it could have imposed the seven-year minimum. By not doing so, we are convinced the court's statement reflects its efforts at balancing factors, not consideration of an improper factor.

Grant also argues that the court improperly considered when he would be paroled by referencing how old Grant would be upon release when the court stated:

> And Mr. Grant, by my calculation, will still be in his fifties at the time he is eligible for parole. Frankly, not much older than I am right now, and I still feel like I have plenty of life left in me and can do things with my life. And I would hope and expect that Mr. Grant would

---

[2] *See* Iowa Code § 902.12(4) ("A person serving a sentence for a conviction for robbery in the second degree in violation of section 711.3 for a conviction that occurs on or after July 1, 2016, shall be denied parole or work release until the person has served between one-half and seven-tenths of the maximum term of the person's sentence as determined under section 901.11, subsection 4."); *see also id.* §§ 711.2 (making robbery in the second degree a class "C" felony), 902.9(1)(d) (setting a maximum term of incarceration for a class "C" felony of ten years).

have those same opportunities and abilities when he is eligible for parole.

Grant contends this statement shows the court was improperly considering when Grant would be paroled. We disagree as the highlighted statement needs to be considered in context. *See State v. Vanover*, 559 N.W.2d 618, 635 (Iowa 1997) (noting that the context of the sentencing court's comments needs to be considered). After reviewing the record as a whole, we find the court's comments to be responsive to these comments made by Grant's counsel:

> Between the amount of time he spent there, the amount of time he's been in custody on this, he's got close to two years now. We're approaching two years, I believe, credit. But [Grant] knows that if he gets sentenced today he's not going to see—have any chance at seeing the streets again until he's in his early fifties. He accepts that. He just asks that he has that glimmer of hope in his rehabilitation process that he can possibly see the world again with some useful life left in him, so he asks that you run counts I and II concurrent with one another.

Viewed in context, we do not believe the court's comments show consideration of an improper factor; they merely respond to Grant's counsel's observations about the quality and length of life after fifty years of age. We find no abuse of the court's discretion by its comments responding to Grant's argument.

We also find no abuse of discretion by the court's consideration of Grant's mental-health issues. The statute requires consideration of mental-health issues. *See* Iowa Code § 907.5(1)(e) (requiring the sentencing court to consider "[t]he defendant's mental health . . . history and treatment options available in the community and the correctional system"). The district court determined consecutive sentences were best given Grant's ongoing mental-health issues and

need for treatment in addition to a host of other factors, as shown by these statements by the court:

> The big question in this case is what to do about the consecutive versus concurrent competing requests of the parties for prison sentence. I knew that was going to be the issue coming in. That's a tough issue. On one hand this was a very, very violent and serious offense. [The stabbing victim] talked about the impact it's had on his life, his hospitalization. Seems to be—not that there's ever a justification for a crime like this, but a particularly nonsensical violent crime. I would also note that Mr. Grant does have a significant history of prior criminal convictions, including multiple crimes of violence.
>
> On the other hand, it's clear from the file and the presentence investigation information that Mr. Grant does have also, in addition to his significant criminal history, a significant history of mental illness. And so how do you account for those two different things? How do you balance those out? Not that Mr. Grant's struggles with mental illness are an excuse, but they certainly are a factor that I think needs to be considered by the court when assessing the appropriate punishment in this case.
>
> And, again, it's a tough decision, but I think what kind of tips it for me is the fact that it sounds like or looks like the file reflects that Mr. Grant has been struggling with mental illness for a long time and to date doesn't appear either to have been able to do that successfully on his own. And, again, I don't know if that's just because it's not been possible to adequately treat his mental health or if he himself has not availed himself of the appropriate treatment and medications to treat his mental illness. And so those are concerning things to me because, again, if Mr. Grant's mental health issues and struggles are part of a factor in why this and prior violent offenses have occurred, it's concerning to me that he may not have been addressing his mental health appropriately.
>
> And so I do think in this case, based upon the fact that the severity of the offense, the prior offenses and, again, the concerns about Mr. Grant's mental health not having been adequately or properly treated and/or him not availing himself of that treatment, I think that consecutive sentences are appropriate. That being said, the five years instead of the seven years counterbalances that to some extent.

Contrary to Grant's contentions, we do not view these comments as suggesting consideration of parole. Rather, we view them as the court properly considering and weighing the host of factors that go into a sentencing decision.

We find no consideration of an improper sentencing factor and thus no abuse of the court's sentencing discretion.

**AFFIRMED.**